**6**

UNITED STATES of America,
Appellee,

v.

Altrazo Bernard PINK, Defendant–
Appellant.

No. 05–5238–cr.

United States Court of Appeals,
Second Circuit.

April 28, 2008.

Robert A. Culp, New York, NY, for Defendant–Appellant.

Elizabeth S. Riker, Assistant United States Attorney (Edward R. Broton, Assistant United States Attorney, on the brief) for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

Present: Hon. ROBERT A. KATZMANN, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. J. GARVAN MURTHA, District Judge.*

**SUMMARY ORDER**

Defendant Altrazo Bernard Pink ("Pink") appeals from the United States

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

District Court for the Northern District of New York (Mordue, *J.*), challenging the 168–month prison sentence imposed by the district court following his guilty plea to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and maintained by the district court following our remand of the sentence pursuant to *United States v. Crosby,* 397 F.3d 103, 113 (2d Cir.2005). We assume the parties' familiarity with the facts and the record of prior proceedings.

Pink contends on appeal that his prison sentence is both procedurally and substantively unreasonable. *See United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006) (noting that in the wake of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), our "review involves consideration not only of the sentence itself, but also of the procedures employed in arriving at the sentence").

Pink's procedural challenge advances a species of the claim that the district judge's decision in response to our *Crosby* remand, adhering to its within-Guidelines sentence, was not detailed "enough to satisfy [us] that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). Pink makes this argument, in part, by detaching the district court's statement of reasons following our *Crosby* remand from the more lengthy remarks made by the district court at the time of the original sentence—which was within the Guidelines, but not at the bottom of the range, indicating the district court was fully aware of its discretion to impose a lower sentence at the time of sentencing, yet decided not to exercise it.

■ Upon review of the record, we conclude that Pink's sentence was more than "adequately explain[ed] ... to allow for meaningful appellate review and to promote the perception of fair sentencing." *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The district court pointed to several grounds supporting its decision to maintain its sentence, not least Pink's extensive "past criminal history," which included numerous "cases ... too old for calculation on the Criminal History Category" and, as such, not reflected in the Guidelines range for the offense. We have stated more than once that neither "specific verbal formulations," *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005), nor "robotic incantations," *Fernandez,* 443 F.3d at 30 (internal quotation marks and citation omitted), are necessary to demonstrate the requisite consideration of § 3553(a).[1] This is all the more true where the sentencing judge has "decide[d] simply to apply the Guidelines to a particular case" because "doing so will not necessarily require lengthy explanation." *See Rita,* 127 S.Ct. at 2468.

Pink effectively acknowledges these points, but contends that an explanation with more nuance was in order here because he was sentenced under the "career offender" provisions of the Guidelines, *see* U.S.S.G. § 4B1.1, which he argues "are often based on fine distinctions in the offense or criminal history that become magnified in the Guidelines calculations." We need not consider now whether this holds

---

1. Pink's table of authorities does not indicate a claim based on § 3553(c), a provision that was discussed extensively in *Rita* (and not at all in his sentencing). Were we to construe his reply brief's citation to *Rita* as embracing such a claim, we would find that while "the district court did not recite its thoughts on each of the § 3553(a) factors," it provided an explanation sufficient to satisfy its requirements. *See United States v. Villafuerte,* 502 F.3d 204, 212 (2d Cir.2007).

true in the abstract, because we find that in the instant case, the district court's lengthy remarks at the time of the original sentence, along with its oral decision following remand, carefully engaged with the arguments presented to it and expressed a reasoned basis to reject them. When the district court imposes a Guidelines sentence, "it may not need to offer a lengthy explanation." *Villafuerte,* 502 F.3d at 211; *see also Fernandez,* 443 F.3d at 34 (concluding that "the sentencing judge need not address on the record ... each argument that a defendant makes with reference to [§ 3553(a)], in order to comply with her obligation to consider [those] factors").

Alternatively, Pink argues that a remand is necessary because his two prior violent felony offenses should be deemed "related" offenses under U.S.S.G. § 4A1.2, in which case he would not be a "career offender." His brief concedes, however, that this is not an open issue under our precedents, which "clearly establish that we do not consider cases to have been consolidated (functionally or otherwise) for sentencing simply because a defendant received concurrent sentences that were imposed on the same day." *United States v. Mapp,* 170 F.3d 328, 338 (2d Cir.1999); *see also United States v. Keller,* 58 F.3d 884, 895 (2d Cir.1995) ("Simply because the same court imposes concurrent sentences at the same time does not establish that two or more otherwise unrelated cases were 'consolidated for sentencing,' and therefore 'related.'") (citation omitted). We see no basis on these facts to reconsider our case law in this area, even if we were willing to look past the defendant's failure to press this issue below.

■ Finally, Pink argues that even assuming it was procedurally sound, his 168–month prison sentence was simply too long to be reasonable. We review the substantive "reasonableness" of sentences under an abuse-of-discretion standard, ever mindful of the Supreme Court's repeated admonition that the "'sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than ... [an] appeals court.'" *Gall,* 128 S.Ct. at 597–98 (quoting *Rita,* 127 S.Ct. at 2469); *see also United States v. Williams,* 475 F.3d 468, 474 (2d Cir.2007) (applying the same standard reviewing a decision after a *Crosby* remand). The question now before us, in other words, is not whether we would have imposed the identical sentence, but whether the sentence actually imposed was "reasonable" given the totality of the circumstances. *See Gall,* 128 S.Ct. at 597–98. Although the "length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently." *Fleming,* 397 F.3d at 100. Moreover, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez,* 443 F.3d at 27. This is because where the sentencing "judge and [Sentencing] Commission *both* determine that the Guidelines sentence[] is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors." *Rita,* 127 S.Ct. at 2467. Given the serious nature of the instant offense (bank robbery) and the defendant's extensive criminal record, we conclude that a within-Guidelines prison sentence of 168 months was not unreasonable.

We have considered the appellant's remaining arguments and find them to be without merit. The judgment of the district court is therefore **AFFIRMED.**